BROOKSHIRE et al. v. WAMBAUGH et al.
(No. 7247.)

Court of Civil Appeals of Texas. Austin.
July 11, 1928.

Rehearing Denied Sept. 12, 1928.

J. F. Taulbee and Nunn & Love, all of Georgetown, for appellants.

Wilcox & Graves, of Georgetown, for appellees.

BAUGH, J. The only question involved in this appeal is the extent of the control of the trustee, Mrs. Ruth Wambaugh, over the net rents and revenues derived from the property of the beneficiary, W. C. Brookshire, a person of unsound mind. The trust was created and the trust powers defined in the will of Hattie Brookshire, deceased. The portion of the will presented for construction here reads:

"To this end it is my will that the trustees' or trustee holding the legal title to each tract of land shall be and hereby is charged with the additional duty at all times of seeing that the person for whose use he is acting as trustee shall actually and in person use and occupy the land herein set apart for his or her use, or actually and in person receive the rents, issues and profits arising therefrom each year.

"I further declare it to be my will, and as an express condition attaching to the rights of each child to use and occupy the land herein set apart for his or her use or to receive and appropriate the rents, issues and profits thereof, that should any such child become insolvent, or bankrupt, or should there be any attempt by any creditor to seize the tract of land or any part thereof herein set apart to such child, or to appropriate the rents, issues and profits thereof by any judicial process, or should any such child execute any form of transfer, mortgage, lease or assignment of his or her right to use the said land, and to receive the rents, issues and profits thereof, for a longer term than the calendar year in which it is made, then it is my will that the trustees or trustee holding the legal title to the land so set apart for the use and (benefit) of any such child, shall take actual charge of the same, and thereafter manage and control the said land and farm-rent the same, and after paying all expenses of management and for such repairs and improvements, as such acting trustees, or trustee may make thereon, the net balance of the said annual revenues shall be paid over personally to the child for whose use the said land is herein set apart, or if married to his or her family in such installments and at such times as said acting trustees or trustee shall deem for the best interest of such child, or his or her family."

It is admitted that the appellants herein are the wife and children of W. C. Brookshire; that Mary Brookshire is the guardian of the person of W. C. Brookshire; that T. B. Sullivan is guardian of his estate; and that since some time in December, 1925, the trustee, Ruth Wambaugh, has refused to pay over to Mary Brookshire any of the net rents and revenues derived from the trust estate, but that she has instead personally expended such net rents and revenues for the use and benefit of W. C. Brookshire and of his family.

The contention of the appellants is clearly stated in their first assignment of error, as follows:

"That the court erred in rendering judgment for and in behalf of the defendant, Ruth Wambaugh, for the reason that, under the terms and provisions of the will under construction in this cause, the trustee is directed, after the paying of the cost of administering the trust estate, to pay over the remainder to the beneficiary, and that no power is given to the trustee to expend any of the funds arising from the trust estate, save such as may be necessary for the upkeep of the trust estate, and the cost and expenses incident to the administering the estate."

The trial court rendered judgment against the appellants, and, in construing the will in question, filed as one of his conclusions of law the following:

"That, under said paragraph 7 of said Hattie Brookshire will, the annual rents, issues, and revenues derived from said tract of land shall, under conditions now existing, be collected by the trustee, Mrs. Ruth Wambaugh, and, after paying all expenses of management, repairs, and improvements she may deem necessary, she shall distribute and expend the balance of said annual revenues as she shall deem for the best interest of the said W. C. Brookshire and his family, in such installments and at such times as she may deem necessary, for the maintenance, comfort, and support of the said W. C. Brookshire and his family."

We have reached the conclusion that the trial court erred in this construction. It is a cardinal rule in the construction of a will that the intention of the testator, as derived from the whole instrument, should control,

and that such intent "must be ascertained from the meaning of the words in the instrument and from those words alone." Such words, of course, must be construed in the light of the purposes of the devise or bequest, and in the light of the circumstances surrounding the testator at the time. The language used is presumed, however, to have been used in its usual and accepted meaning, and, where such language is clear, plain, and unambiguous on its face and clearly manifests the testator's intention, it is the duty of the courts to give force and effect to that intention, whatever may be the consequences.

■ The will here involved manifests a clear intention of the testatrix to effect two purposes:

(1) To protect the life estate devised to her children against alienation and from their own improvidence.

(2) Where the property was for any reason not actually and personally occupied by the devisees themselves, to place the control, management, and operation of such property in the hands of the trustee, with full power to preserve, protect, and operate it to the best advantage according to the trustee's own judgment.

The trustee is vested with discretionary power, free from interference, in such preservation, operation, and management, and authorized to make such expenditures and reserve such funds as may be necessary for that purpose; but the provision that the trustee "is charged with the additional duty at all times of seeing that the person for whose use he or she is acting as trustee shall actually and in person use and occupy the land herein set apart for his or her use, or *actually or in person* receive the rents, issues, and profits arising therefrom each year," together with the further provision, "the net balance of said annual revenues shall be paid over *personally* to the child for whose use the said land is herein set apart, or if married, to his or her family, in such installments and at such time as said acting trustees or trustee shall deem for the best interest of such child or his or her family" (italics ours), not only contemplates, but in our opinion expressly directs, payment to such beneficiaries such net revenues as may be derived from the property. Expenditure for the benefit of, is not a payment to, the beneficiaries. It would do violence to the language used to say that it authorized the trustee to withhold such rents and revenues from the beneficiaries and to expend same in such manner as she saw fit for their benefit. The will discloses a purpose of the testatrix to protect and preserve the estate intrusted, but no intention to make the trustee guardian of the welfare of the beneficiaries in their use of the net revenues of the trust estate. That they may be improvident or unwise in their expenditure of such net revenues, cannot affect the trustee's power to preserve, protect, and operate the properties under the will. The will does protect the devisees from squandering the trust estate, but not against unwise expenditure of the net rents and revenues from the property; and the discretion vested in the trustee cannot in our opinion be construed to extend that far.

And though the record may disclose a high and worthy motive on the part of the trustee, and probably a wise expenditure of such net rents and revenues in her hands for the benefit of the beneficiaries, we are of the opinion that the powers vested in her by the will do not authorize her, against the protests of the beneficiaries therein named, to so supervise and expend such income. Under the terms of the will, after exercising discretion allowed her in the preservation and operation of the trust estate, it became her duty, as directed in said will, in the use of a reasonable discretion, and in such installments and at such times as she might deem for the best interests of such beneficiaries, to pay over to them in person the net rents and revenues from the trust estate. In the instant case Mary Brookshire was the proper person to receive same. In this respect the judgment of the trial court is reversed, and judgment here rendered for appellants. In all other respects the trial court's judgment is affirmed.